# WELCH & COMPANY

*v.*

# CENTRAL SAN CRISTOBAL.

### ON CLAIM OF WELCH & COMPANY.

San Juan, Equity, No. 940.

General Creditors' Bill—Claim of Complainant.

1. The claim of the complainant has no higher position than that of any other creditor of the same class. It must be proved either under the bill or under a claim filed in the case the same as other claims.

Claims—Publication.

2. All claims filed, whether by the bill or under published order, are treated in the same manner. Their priorities depend upon their nature, and not upon how they get into the case.

Creditors' Bill—Consent.

3. Claimants in court under a creditors' bill stand upon an equality of right, and, if not represented by counsel, there can be no general consent on any subject. All claims should be sent to the master.

Equity—Trying Piecemeal.

4. The court will not try a case piecemeal, and will send all claims to the master, whether of complainant or of those brought in by publication.

Creditors' Bill—Mortgage Trustee.

5. A mortgage trustee will be admitted to oppose claims upon his application showing that these will conflict with the mortgage.

Receivership—Funds.

6. The court will not usually direct a receiver to deposit funds in any particular bank. If the court makes any order it would be for the payment into the registry of the court; but it may direct the receiver to segregate a certain fund for a good reason.

Reference to Master—Claims at Issue.

7. Under a rule of this court claims are referred to the standing

master when at issue or ten days after filing if no issue has been filed, whether the court is in session or not. The receiver should put a case at issue or otherwise for the guidance of the court.

Creditors' Bill—Mortgage Trustee.

8. Where a mortgage trustee is not made a party to a general creditors' bill, it is a serious question whether the jurisdictional court is not confined to collection of rents and profits. The rule may be different where the mortgage trustee himself is made a party on his own application.

Opinion filed July 18, 1914.

---

*Mr. H. G. Molina* for petitioner.

*Mr. Louis Banigan* for certain creditors.

*Mr. J. Henri Brown* for United States Mortgage & Trust Company.

HAMILTON, Judge, delivered the following opinion:

The claim of Welch & Company comes up on a petition filed after the other claims were filed, but under an extension of time granted on more than one occasion by the court, and it seems to consist of a claim for a large amount of money, whose nature is not mentioned on argument, and a claim for a smaller amount, something like $26,000, which is said to be for a special loan made. Application is made that the smaller item be disposed of now by the court or in some brief way without a reference, and that the major part of the claim be sent to the master. This requires consideration of the nature of the proceedings.

1. This bill is a general creditors' bill or at all events it

Welch & Co. v. Central San Cristobal.

has been so treated, and it would be too late now to construe it in any other way. I do not understand that in a general creditors' bill the claim of the plaintiff has any higher position than that of any other creditor, nor do I understand that it is now contended that it has. When the court takes jurisdiction and finally directs all claims to be filed, that embraces the complainant's claim as well as that of anyone else. Of course, it might possibly be that the bill is in such shape that it would take the place of a claim. It might be verified and so on; but the claim would have to be proved in some way to the court.

2. Next as to any distinction between the original parties to the suit and those who are brought in by publication. They stand upon an equality, or rather their claims stand upon whatever footing they are entitled to in their own nature, so that the court can see no reason for treating Welch & Company's claim differently from the other claims. It has come in late, but that is perfectly proper because the court has extended the time. It should, however, go to the master just as any other claim.

3. It would be best, of course, to have this claim or any other claim taken up and disposed of by consent, and the court is always willing to take that course, but it is a serious question whether there can be any consent in the case of a general creditors' bill. Creditors themselves are scattered perhaps all over the world, are often not represented by counsel, and the case is of a peculiar nature. It would be the safer practice, and one I am disposed to adopt, whether there is any authority on the subject or not, to send all claims to the master, that is to say, to hold that there can be no consent. This would seem to be true from the nature of the suit. This would not apply to

Welch & Co. v. Central San Cristobal.

operating expenses, to something that is done by direct order of the court and within the court's own knowledge. I am not speaking of that class, but of claims in general. So that I see no way of taking up this claim, there being no showing of a constructive consent, and, in point of fact, there being no actual consent even of the parties who are before me at present. So the claim I think will have to go to the master.

4. Another reason for that course is this: The court does not try any case piecemeal, although there is a sense in which every equity case is tried piecemeal. The claims are all separate. But that does not apply to a single claim, and the court could not take up one single claim and try different elements of it. So that would be another reason for declining to settle a part and send the rest to the master. I think, much as I would like to dispose of any claim before me, that I will have to follow the usual course and send the claim as a whole to the master.

5. Now a further question has come up. It is stated by the solicitor for the trustee of the mortgage bondholders that certain parts of this claim conflict with the interests of his client, and he intimates that he will possibly want to appear. I can only say that it would look as if that might be so, and, in order to err on the safe side, when an application is made it will be granted. That, of course, is general, because he has not formally made any such application.

6. It would seem that if the court makes any order in regard to the funds, it would, have to direct them to be deposited in the registry of the court where such funds are deposited. The court does not desire to make such an order unless is it requested. I could direct the receiver to segregate this fund from the other receivership funds. I would not like to say which

bank he ought to keep it in. That is for the receiver to say. If he puts it in the wrong bank, that is his lookout. As a part of the order in this case I will direct the receiver to segregate this particular fund and keep it separate from the other funds of the receivership, subject to the further orders of the court in the matter of the claim of Welch & Company.

7. My observation is that court practice is the hardest thing to get at. There are some things which we are supposed to know, but do not always know, as to claims coming up in receivership cases. One of the new rules provides for it, and I might as well state what that is. As I understand it, here is a claim filed by Welch & Company. There is no issue make to it by anybody. I would be glad if the receiver would look into it and file some sort of paper so as to put it at issue, and do this within the next day or so. Any issue you please so that we will know that it is at issue, and thereupon it will be referred to the master to be taken up in the usual way. The rule I spoke of is that when a matter is put at issue, it goes to the master where it relates to facts, as a matter of course, and that would be true whether the judge is on the Island or not. This is when it is at issue, or if not at issue, ten days after it is filed, it is supposed to be at issue. It will be entered as of to-day, so as to have this order effective.

8. In regard to the appearance of the trustee for the mort-gage bondholders, that is a matter entirely for his own judg-ment. It is a serious question with the court whether in a general creditors' bill to which the mortgagee is not made a party, although it is expressly mentioned in the bill that he has a mortgage, he is bound by the proceedings at all; whether the appointment of a receiver is not for the collection of rents

Welch & Co. v. Central San Cristobal.

and profits and to operate the property, and whether the receivership is not confined, unless the mortgagee comes in, to the proceeds of the receivership. I do not pass on this, but I would like you gentlemen to bear it in mind, because it looks to me that it might be a serious question how far the receivership goes under those circumstances. Of course, if he comes in, that is a different question.